ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On March 30, 2005, the petitioner, Nelson Gokey, commenced this procedendo action against the respondent, Judge Eileen T. Gallagher, to compel the judge to proceed to trial in the underlying case, State of Ohio v. Nelson Gokey, Cuyahoga County Common Pleas Court Case No. Cr. 458301. In the underlying case, the Grand Jury indicted Gokey on various sexual offenses, including repeat violent offender specifications on counts one though six. The trial court dismissed these specifications on December 22, 2004, and the prosecution timely appealed the dismissals in State of Ohio v. Nelson Gokey, Cuyahoga App. No. 85827. The gravamen of this procedendo action is that the respondent has the ability and the duty to proceed to trial on the indictments without the specifications.
 {¶ 2} On April 27, 2005, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment. The judge argued that the state had the right to appeal pursuant to R.C.2945.67, that the appeal divested the trial court of jurisdiction, that Gokey had improperly captioned his case,[1] and that he had not provided the required affidavits under R.C. 2969.25.
 {¶ 3} Gokey responded by filing an amended complaint on May 4, 2005. He captioned this complaint as "The State of Ohio onRelation of Nelson Gokey v. The Honorable Judge Eileen T.Gallagher." He also submitted affidavits to comply with R.C.2969.25.
 {¶ 4} On May 24, 2005, the respondent filed a supplemental motion for summary judgment arguing that the procedendo action was moot. Attached to the this motion was this court's journal entry in Case No. 85827 dismissing the appeal: "Motion by appellee [Gokey] to dismiss appeal or, in the alternative, remand to the trial court is granted in part. Sua sponte, the appeal is dismissed per R.C. 2505.02." Gokey never filed a response to the supplemental motion for summary judgment.
 {¶ 5} Accordingly, this court grants the respondent's motion and supplemental motion for summary judgment. This procedendo action is moot. Without the impediment of the appeal, the underlying case is free to proceed.[2] Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed as moot.
 Gallagher, J., and Mary Eileen Kilbane, J., concur.
[1] Gokey had initially captioned his complaint as "NelsonGokey v. The Honorable Judge Eileen T. Gallagher."
[2] Indeed, a review of the docket reveals that since the dismissal of the appeal the underlying case is proceeding apace, with pre-trials, requests for discovery, scheduling trial dates, and a motion for stay.